# In the United States Court of Federal Claims

No. 23-1215C
(Filed: October 4, 2023)

```
*************************************
                                    *
ANTONIO CHAVEZ et al.,              *
                                    *
                Plaintiff,          *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiffs Antonio Chavez and Aaron Wilson, appearing *pro se,* are former members of the United States Army who received disability retirement and are presently incarcerated at Fort Leavenworth in Kansas. Compl. ¶¶ 38, 41, 50, 62, 73, ECF No. 1. In their Complaint, Plaintiffs seek to collaterally attack the jurisdiction of the courts-martial that convicted them and seek backpay and alteration of their military records. *Id.* ¶¶ 1, 21.

The Government now moves the Court pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, to dismiss Plaintiffs' Complaint because Plaintiffs both have pending petitions for habeas corpus which preclude jurisdiction in this Court pursuant to 28 U.S.C. § 1500. As of the date of filing this opinion, both habeas petitions are still currently pending in the United States District Court for the District of Kansas. *See, e.g.*, Mem. and Order, *Chavez v. Johnson*, No. 5:22-cv-3037 (D. Kan. Sept. 11, 2023), ECF No. 31 (denying leave to supplement pleading), Mem. and Order, *Wilson v. Johnson*, No. 5:21-cv-3277 (D. Kan. Sept. 6, 2023), ECF No. 29 (same). It is unnecessary to wait for Plaintiffs' response. For the reasons set forth below, the Government's Motion to Dismiss is hereby **GRANTED.**[1]

---

[1] Also pending is Plaintiffs' Motion for Leave to Proceed *in forma pauperis*. ECF No. 3. Although Plaintiffs' application is incomplete, the Court will grant the motion for the limited purpose of dismissing Plaintiffs' case. Further, because the Court dismisses Plaintiffs' Complaint, Plaintiffs' other pending motions are dismissed simultaneously as moot. Plaintiff's pending motions include the following: Motion for Certification of Class Action, ECF No. 4, Motion for Discovery, ECF No. 5, Motion for Permissive Intervention, ECF No. 6, and Motion for Referral for Possible Pro Bono Representation, ECF No. 7.

I.      **Facts and Background**

   **A. Procedural History for Mr. Chavez**

Mr. Chavez received disability retirement from the Army on June 8, 2012, retiring at the rank of Captain. Compl. ¶ 41, Chavez Ex. B, ECF No. 1-2.[2] In April 2019, the Army recalled Mr. Chavez to active duty for the purpose of trial by court-martial and ordered him to report to Fort Bliss, Texas on May 14, 2019. *Id.* ¶ 43; Chavez Ex. D. The Army charged Mr. Chavez with crimes committed between January 2004 and June 2005, during his time of active service. *Id.* ¶ 45. After pleading guilty, Mr. Chavez was convicted by a general court-martial on August 7, 2019. *Id.* ¶ 48. His conviction was upheld by the Army Court of Criminal Appeals and review was denied by the United States Court of Appeals for the Armed Forces. *Id.* ¶ 51. Throughout his prosecution, Mr. Chavez argued that the military courts lacked jurisdiction over him because of his status as a disability retiree. *Id.* ¶ 48.

Upon completion of direct judicial review of Mr. Chavez's conviction, the Army dismissed Mr. Chavez from service on January 19, 2021. Compl. ¶¶ 52-53; Chavez Exs. E, F. After Mr. Chavez's dismissal, the Department of Veterans Affairs ("VA") adjusted his credit for honorable service time and lowered his disability rating to 10 percent. *Id.* ¶ 55. As a result, the VA explained that Mr. Chavez owed $299,696.03 in overpaid benefits and his disability compensation was lowered to $522.39 monthly from $3,433.50 monthly. *Id.* ¶¶ 56-57; Chavez Exs. G, H.

On December 14, 2021, Mr. Chavez filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia.[3] Pet. for Writ of Habeas Corpus [hereinafter Chavez Pet.] at 1, *Chavez v. Wormuth*, No. 5:22-cv-3037 (D.D.C. Dec. 14, 2021), ECF No. 1.[4] His petition was transferred to the District of Kansas on January 31, 2022. Order at 2, *Chavez v. Wormuth*, No. 5:22-cv-3037 (D.D.C. Jan. 31, 2022), ECF No. 7.

---

[2] "Chavez Ex." Refers to the exhibits attached to Plaintiffs' Complaint. ECF No. 1-2.

[3] In deciding this motion, the Court may consider, *inter alia*, prior court decisions and other public records. *See Curtin v. United States*, 91 Fed. Cl. 683, 686 (2010) ("When deciding a motion for judgment on the pleadings, the court may review 'the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the . . . court will take judicial notice." (quoting *Crusan v. United States*, 86 Fed. Cl. 415, 417 (2009), *aff'd*, 374 Fed. Appx. 18 (Fed. Cir. 2009))).

[4] Mr. Chavez's petition is also included in the Appendix to the Government's Motion to Dismiss. ECF No. 15-1.

### B. Procedural History for Mr. Wilson

Mr. Wilson received disability retirement from the Army on June 9, 2011, retiring as a Staff Sergeant. Compl. ¶¶ 62-63, Wilson Exs. A, B, ECF No. 1-3.[5] In April 2017, the Army recalled Mr. Wilson to active duty to face charges before a court-martial. *Id.* ¶ 65; Wilson Ex. D. The Army charged Mr. Wilson with abuse of Mr. Wilson's daughter that occurred between July 2005 and August 2009, while Mr. Wilson and his family were stationed in South Korea. *Id.* ¶¶ 64, 69; Wilson Ex. E. Mr. Wilson pled guilty to the charges before a general court-martial. *Id.* ¶ 71.

The Army Court of Criminal Appeals and the United States Court of Appeals for the Armed Forces upheld Mr. Wilson's conviction. *Id.* ¶ 76. Mr. Wilson contested the jurisdiction of the military courts because he alleged that he was never recalled to active duty. *Id.* ¶¶ 73-75. On March 13, 2019, the Army dismissed Mr. Wilson from service. Compl. ¶¶ 78-79. As a result of Mr. Wilson's conviction and incarceration, the VA assessed a debt of $245,673.79 against him for overpayment. *Id.* ¶ 80.

On August 9, 2021, Mr. Wilson filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia. Compl. for Inj. Relief: Habeas Corpus [hereinafter Wilson Pet.] at 1, *Wilson v. McCarthy*. No. 5:21-cv-3277 (D.D.C. Aug. 9, 2021), ECF No. 1.[6] His petition transferred to the District of Kansas on August 23, 2021. Transfer Order, *Wilson v. McCarthy*, No. 5:21-cv-3277 (D.D.C. Aug. 23, 2021), ECF No. 4.

### C. Plaintiffs' Complaint before this Court

On July 31, 2023, Plaintiffs filed a Complaint before this Court challenging the jurisdiction of the military courts over disability retirees pursuant to article 2(a)(4) of the Uniform Code of Military Justice ("UCMJ") (10 U.S.C. § 802(a)(4)). Compl. ¶¶ 2, 36. Plaintiffs seek to collaterally attack the jurisdiction of the courts-martial that convicted them and seek backpay and alteration of their military records.

### II. Standard of Review

When deciding a motion to dismiss pursuant to RCFC 12(b)(l), the Court "assume[s] all factual allegations [in the complaint] to be true and . . . draw[s] all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (citations omitted). On a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff bears the burden to show by a preponderance of the evidence that the district court has subject matter jurisdiction." *Toxgon Corp. v. BNFL, Inc.*, 312

---

[5] "Wilson Ex." Refers to the exhibits attached to Plaintiffs' Complaint. ECF No. 1-3.

[6] Mr. Wilson's petition is also included in the appendix to the Government's Motion to Dismiss. ECF No. 15-1.

F.3d 1379, 1383 (Fed. Cir. 2002). If a defendant challenges this Court's jurisdiction, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). A *pro se* plaintiff, however, is not excused or exempt from meeting the Court's jurisdictional requirements. *See Henke*, 60 F.3d at 799.

### III.    Discussion

Pursuant to Title 28, United States Code, Section 1500, the United States Court of Federal Claims does not possess subject-matter jurisdiction to consider a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011). "[T]he purpose of [Section] 1500 is to prevent the United States from facing liability involving the same subject matter at the same time in separate fora." *Nextec Applications, Inc. v. United States*, 114 Fed. Cl. 532, 538 (2014).

To determine whether Section 1500 applies to two suits brought by the same plaintiff, the Court must determine whether: (1) there is an earlier-filed suit pending in another court, and if so, (2) whether the claims alleged in the earlier-filed suit are "for or in respect to" the same claims now being brought in the United States Court of Federal Claims. *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013).

In this regard, an earlier-filed suit is considered "pending" within the meaning of Section 1500 based upon the time the complaint is filed with the United States Court of Federal Claims. *Id.* at 1375. In addition, two claims are "for or in respect to the same claim" under Section 1500 "if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono*, 563 U.S. at 317. If Section 1500 applies, the Court must dismiss the case for lack of subject-matter jurisdiction. *Id.*

In its Motion to Dismiss, the Government argues that Plaintiffs' Complaint should be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs' respective pending petitions for habeas corpus preclude jurisdiction in this Court. The Court agrees. Before filing suit in this Court, Mr. Chavez and Mr. Wilson each filed a petition for habeas corpus. *See Chavez v. Johnson*, No. 5:22-cv-3037 (D. Kan filed Dec. 14, 2021); *Wilson v. Johnson*, No. 5:21-cv-3277 (D. Kan. filed Aug. 9, 2021). In their respective petitions, Mr. Chavez and Mr. Johnson raise the same arguments against the military court's jurisdiction that they raise in this Court, based on the same underlying allegations of fact. Because Mr. Chavez and Mr. Wilson each filed a petition seeking a writ of habeas corpus in a district court before filing their Complaint here, and Plaintiffs' Complaint arises from the same operative facts of their respective petitions, Section 1500 bars their suit. *See Tohono*, 563 U.S. at 311, 317.

### A. Plaintiffs have earlier-filed petitions pending in other courts.

Plaintiffs' habeas petitions were both pending at the time they filed suit in this Court on July 31, 2023. *See, e.g.*, Mem. and Order, *Chavez v. Johnson*, No. 5:22-cv-3037 (D. Kan. Sept. 11, 2023), ECF No. 31 (denying leave to supplement pleading), Mem. and Order, *Wilson v. Johnson*, No. 5:21-cv-3277 (D. Kan. Sept. 6, 2023), ECF No. 29 (same). Mr. Chavez filed his habeas petition on December 14, 2021, Chavez Pet. at 1, and Mr. Wilson filed his habeas petition on August 9, 2021, Wilson Pet. at 1. Therefore, Plaintiffs' habeas petitions are "earlier-filed 'suit[s] or process[es]' that are 'pending' for § 1500 purposes." *Brandt*, 710 F.3d at 1375 (quoting 28 U.S.C. § 1500).

### B. Plaintiffs' Complaint arises from the same "operative facts."

Plaintiffs' Complaint is based on the contention that Plaintiffs were disability retirees from the Army who were entitled to disability retired pay and who were recalled to active duty to face courts-martial on charges of crimes committed during their times in active duty. Compl. ¶¶ 17, 23, 41, 43-45, 61, 64-65. Plaintiffs' Complaint in this Court challenges the jurisdiction of the military courts over disability retirees pursuant to article 2(a)(4) of the Uniform Code of Military Justice ("UCMJ") (10 U.S.C. §802(a)(4)). Compl. ¶¶ 2, 36. The Complaint has two counts: (1); the United States violated the Due Process Clause by recalling Plaintiffs, taking away their disability retirement pay, and sentencing them to confinement; (2) the Army did not have jurisdiction to convene a general court-martial against Plaintiffs because they were civilians.

As shown below, Plaintiffs' Complaint arises from the same "operative facts" as their habeas petitions. The only difference between this case and Plaintiffs' pending habeas petitions is the legal theory identified as entitling Plaintiffs to relief. The Federal Circuit has held, however, that "the legal theories underlying the asserted claims are not relevant to this ["operative facts"] inquiry." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1164 (Fed. Cir. 2011) (citing *Keene Corp. v. United States*, 508 U.S. 200, 212 (1993) ("That the two actions were based on different legal theories [does] not matter.")).

#### 1. Mr. Chavez

In his habeas petition, Mr. Chavez contends that "the U.S. Army had no jurisdiction over [him] when it convened a general court-martial against him." Chavez Pet.1. Specifically, Mr. Chavez argues in his petition that the UCMJ does not apply to him because he was "involuntarily medically retired." *Id.* at 2. Subsequent briefing in Mr. Chavez's petition, for which he is represented by appointed counsel, argues against the constitutionality of court-martial jurisdiction over Mr. Chavez.[7]

---

[7] *See, e.g.*, Pet.'s Traverse at 8, *Chavez v. Johnson*, No. 5:22-cv-3037 (D. Kan. July 11, 2022), ECF No.23 ("[N]either (1) military pay nor (2) the possibility of military recall will suffice to bring § 802(a)(4) retirees within the limited ambit of Congress's court-martial authority."); Pet. Supp. Br.at 16, *Chavez v. Johnson*, No. 5:22-cv-3037 (D.

5

Thus, in both Mr. Chavez's habeas petition and in his Complaint filed here, he alleges that the Army did not have jurisdiction to convene a court martial against him because he is a disability retiree and the military's court-martial and resulting decision was unconstitutional. To support Mr. Chavez's claims that the Army did not have jurisdiction over him, as a disability retiree, and that the Army's court-martial and resulting decision was unconstitutional, he alleges the same facts in both cases including: (1) the Army's medical evaluation of Mr. Chavez; (2) Mr. Chavez's retirement and disability evaluation by the VA; (3) the Army's recall and charging of Mr. Chavez, the court-martial proceedings at Fort Bliss; (4) Mr. Chavez's transfer to the Disciplinary Barracks at Fort Leavenworth; (5) and the direct appellate review of Mr. Chavez's conviction. Chavez Pet. ¶¶ 63-72; Compl. ¶¶ 38-45, 48-52.

Comparing the conduct pled in both cases, it is apparent that the claims involve nearly identical conduct. The only difference between the claims is the relief sought, monetary relief before this Court as opposed to release from incarceration before the district court. This distinction, however, is not material. *See Trusted Integration, Inc.*, 659 F.3d at 1164. Because the same operative facts gave rise to both Mr. Chavez's district court petition and his Complaint here, the Court concludes that it lacks subject matter jurisdiction over Mr. Chavez's Complaint.

### 2. Mr. Wilson

Mr. Wilson is now represented in his habeas petition by the same counsel as Mr. Chavez, and the two sets of briefs make virtually identical arguments. *See generally* Pet.'s Traverse, *Wilson v. Johnson*, No. 5:21-cv-3277 (D. Kan. May 31, 2022), ECF No. 21; Pet.'s Supp. Br., *Wilson v. Johnson*, No. 5:21-cv-3277 (D. Kan. Sept. 23, 2022), ECF No. 27. Mr. Wilson likewise grounds his request for habeas in his assertion that the "general court-martial convened against [him] was unconstitutional, void, and without legal effect." Wilson Pet. 1. Mr. Wilson also contends in his petition that the alleged jurisdictional problems with his court-martial stem from his being "involuntarily entitled to retired pay." *Id.* Mr. Wilson's subsequent briefing in support of his habeas petition also argues against the constitutionality of his court-martial.

Thus, Mr. Wilson's contentions in his habeas petition mirror Plaintiffs' Complaint here because both challenge the Army's jurisdiction over Mr. Wilson as a disability retiree and argue that the Army's court-martial and resulting decision was unconstitutional. Compl. ¶¶ 2, 36. As support for these claims, Mr. Chavez alleges the same facts in both cases including: (1) Mr. Wilson's medical evaluation and disability retirement; (2) the death of Mr. Wilson's wife and the allegations made against him by

---

Kan. Sept. 23, 2022), ECF No. 27 (arguing that "[t]h[e] temporal distinction between current pay for current military service and deferred pay for past military service further frays any formal relationship between disabled Category III retirees and the military"). All the cited court filings in this footnote are also included in the Appendix to the Government's Motion to Dismiss. *See* ECF No. 15-1.

his daughter; (3) the Army's recall and charging of Mr. Wilson; (4) the court-martial proceedings against Mr. Wilson and his transfer to the Disciplinary Barracks at Fort Leavenworth; (5) the appellate review of Mr. Wilson's conviction; (6) the Army's discharge of Mr. Wilson; (7) the VA's assessment of a $245,376.79 debt against Mr. Wilson; (8) and Mr. Wilson's petition for a new trial.  Wilson Pet. ¶¶ 54-72, 74; Compl. ¶¶ 61-79, 81.

Again, a comparison of the conduct pled in both cases shows that although the cases seek different relief, both Mr. Wilson's petition before the district court and his Complaint here involve the same conduct.  As previously explained, the Federal Circuit has elucidated that "the legal theories asserted before the district court and the CFC are irrelevant to whether the claims arise from substantially the same operative facts." *Trusted Integration, Inc.*, 659 F.3d at 1166.  Thus, because the same operative facts gave rise to both Mr. Wilson's district court petition and his Complaint here, the Court holds that it lacks subject matter jurisdiction over Mr. Wilson's Complaint.

### IV.     Conclusion

Therefore, because Plaintiffs' earlier-filed habeas petitions arise from the same "operative facts" as their claims in this Court, Section 1500 precludes jurisdiction.  Thus, the Court **GRANTS** the Government's Motion to Dismiss Plaintiffs' Complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs' Complaint is barred.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward J. Damich  
EDWARD J. DAMICH  
Senior Judge